# UNITED STATES DISTRICT COURT
## for the
### Central District of California

| | |
|---|---|
| In the Matter of the Search of:<br>Information associated with account identified as<br>Google account guanleics@gmail.com, with GAID<br>1060072463405, which information is stored at<br>premises controlled by Google, LLC, located at 1600<br>Amphitheatre Parkway Mountain View, CA 94043 | Case No. 20-MJ-03581 |

## WARRANT BY TELEPHONE PURSUANT TO 18 U.S.C. § 2703

To: Any Authorized Law Enforcement Officer

An application by a federal law enforcement officer requests the production and search of the following data:

*See Attachment A-2*

The data to be produced and searched, described above, are believed to contain the following:

*See Attachment B -2*

I find that the affidavit, or any recorded testimony, establishes probable cause to produce and search the data described in Attachment A-2, and to seize the data described in Attachment B-2. Such affidavit is incorporated herein by reference.

**AUTHORIZED LAW ENFORCEMENT OFFICER/S IS/ARE HEREBY COMMANDED** to serve this warrant on GOOGLE LLC at any time within 14 days from the date of its issuance.

**GOOGLE LLC IS HEREBY COMMANDED** to produce the information described in Attachment A-2 within 10 calendar days of the date of service of this order. **GOOGLE LLC IS FURTHER COMMANDED** to comply with the further orders set forth in Attachment B-2, and, pursuant to 18 U.S.C. § 2705(b), shall not notify any person, including the subscriber(s) of the account/s identified in Attachment A-2, of the existence of this warrant.

The officer executing this warrant, or an officer present during the execution, shall prepare an inventory as required by law, and shall promptly return this warrant and the inventory to the United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.

**AUTHORIZED LAW ENFORCEMENT OFFICER/S IS/ARE FURTHER COMMANDED** to perform the search of the data provided by APPLE INC. pursuant to the procedures set forth in Attachment B-2.

Date and time issued: July 30, 2020 10:30 a.m.

*Judge's signature*

City and State: Los Angeles, CA

Hon. Paul L. Abrams, U.S. Magistrate Judge
*Printed name and title*

AUSA: William M. Rollins x 7407

| | |
|---|---|
| **Return** | |
| Case No: 20-MJ-03581 | Date and time warrant served on provider: July 30, 2020 @ 3:04 pm |
| Inventory made in the presence of: SA Andrew Marquette | |

Inventory of data seized:
[Please provide a description of the information produced.]

* Google produced 8.60 GB of data to the FBI.
* The FBI seized 3.274 GB of data on 10-20-20.

**Certification**

I declare under penalty of perjury that I am an officer involved in the execution of this warrant, and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: 10-24-20

_Executing officer's signature_
Timothy Hurl, Special Agent
_Printed name and title_

## **ATTACHMENT A-2**

This warrant applies to information associated with the account identified as guanleics@gmail.com with Google Accounts ID Administration ("GAIA") ID 1060072463405 (the "SUBJECT ACCOUNT") that is within the possession, custody, or control of Google, LLC, located at 1600 Amphitheatre Parkway Mountain View, CA 94043.

**ATTACHMENT B-2**

**ITEMS TO BE SEIZED**

## I. SEARCH PROCEDURES

1. The warrant will be presented to personnel of Google LLC (the "PROVIDER"), who will be directed to isolate the information described in Section II below.

2. To minimize any disruption of service to third parties, the PROVIDER's employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the information described in Section II below.

3. The PROVIDER's employees will provide in electronic form the exact duplicate of the information described in Section II below to the law enforcement personnel specified below in Section IV.

4. With respect to contents of wire and electronic communications produced by the PROVIDER (hereafter, "content records," see Section II.10.a. below), law enforcement agents and/or individuals assisting law enforcement and acting at their direction (the "search team") will examine such content records pursuant to search procedures specifically designed to identify items to be seized under this warrant. The search shall extract and seize only the specific items to be seized under this warrant (see Section III below). The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques. The review of the electronic data may

be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

5. If the search team encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

6. The search team will complete its search of the content records as soon as is practicable but not to exceed 120 days from the date of receipt from the PROVIDER of the response to this warrant. The government will not search the content records beyond this 120-day period without first obtaining an extension of time order from the Court.

7. Once the search team has completed its review of the content records and created copies of the items seized pursuant to the warrant, the original production from the PROVIDER will be sealed -- and preserved by the search team for authenticity and chain of custody purposes -- until further order of the Court. Thereafter, the search team will not access the data

from the sealed original production which fell outside the scope of the items to be seized absent further order of the Court.

8. The special procedures relating to digital data found in this warrant govern only the search of digital data pursuant to the authority conferred by this warrant and do not apply to any search of digital data pursuant to any other court order.

9. Pursuant to 18 U.S.C. § 2703(g) the presence of an agent is not required for service or execution of this warrant.

## II. INFORMATION TO BE DISCLOSED BY THE PROVIDER

10. To the extent that the information described in Attachment A-2 is within the possession, custody, or control of the PROVIDER, regardless of whether such information is located within or outside of the United States, including any information that has been deleted but is still available to the PROVIDER, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the PROVIDER is required to disclose the following information to the government for each SUBJECT ACCOUNT listed in Attachment A-2:

    a. All contents of all wire and electronic communications associated with the SUBJECT ACCOUNT, limited to that which occurred on or after January 1, 2014[1] including:

---

[1] To the extent it is not reasonably feasible for the PROVIDER to restrict any categories of records based on this date restriction (for example, because a date filter is not available for such data), the PROVIDER shall disclose those records in its possession at the time the warrant is served upon it.

i.  All e-mails, communications, or messages of any kind associated with the SUBJECT ACCOUNT, including stored or preserved copies of messages sent to and from the account, deleted messages, and messages maintained in trash or any other folders or tags or labels, as well as all header information associated with each e-mail or message, and any related documents or attachments.

ii. All records or other information stored by subscriber(s) of the SUBJECT ACCOUNT, including address books, contact and buddy lists, calendar data, pictures, videos, notes, texts, links, user profiles, account settings, access logs, and files.

iii. All records (including content records and the stored application data) pertaining to any Google service associated with the SUBJECT ACCOUNT, including services such as Gmail, Android, Google Play and Android Market (including payment information), Google Groups, Google Dashboard, Google Code, use of Google Chrome or Google Chrome Sync (including the content of the data that is synced between different devices and the identity of such devices), Google Reader, Google Translate or Google Translator Toolkit, Google Talk, Google Calendar, Google Docs, Google Drive, Google News, Google Reader, Google Services, Google+, Has Google Profile, Has Plusone, Google Photos (formerly Picasa), YouTube, Tasks, iGoogle, Web History, Google Talk, Google Voice, and Hangouts;

iv. All records (including content records and the stored application data) associated with the SUBJECT ACCOUNT

pertaining to Location History and Google Maps, including custom maps, changes and edits to public places, starred places, private labels of locations, and saved locations.

    v. All records related to Google's Developer Consoles and API keys related to the SUBJECT ACCOUNT.

    vi. All records pertaining to communications between the PROVIDER and any person regarding the SUBJECT ACCOUNT, including contacts with support services and records of actions taken.

    vii. All other records of communications and messages of any kind made or received by the user, including all private messages, history of any kind of messages or communications, and video calling history, and where such records exist, the identity of any other user or account with which the SUBJECT ACCOUNT was connected;

   b. All other records and information, including:

    i. All subscriber information, including the date on which the account was created, the length of service, the IP address used to register the account, the subscriber's full name(s), screen name(s), any alternate names, other account names or e-mail addresses associated with the account, linked accounts, telephone numbers, physical addresses, and other identifying information regarding the subscriber, including any removed or changed names, email addresses, telephone numbers or physical addresses, the types of service utilized, account status, account settings, login IP addresses associated with session dates and times, as well as means and source of payment,

including detailed billing records, **and including any changes made to any subscriber information** or services, including specifically changes made to secondary e-mail accounts, phone numbers, passwords, identity or address information, or types of services used, and including the dates on which such changes occurred, for the following accounts:

        (I)   the SUBJECT ACCOUNT.

    ii.  All user connection logs and transactional information of all activity relating to the SUBJECT ACCOUNT described above in Section II.10.a., including all log files, dates, times, durations, data transfer volumes, methods of connection, IP addresses, ports, routing information, dial-ups, and locations, and including specifically the specific product name or service to which the connection was made.

    iii. All records related to authenticating the user of the SUBJECT ACCOUNT, including use of two-factor authentication or App passwords used to allow access via a mobile device and the identity of those devices accessing the SUBJECT ACCOUNT;

    iv.  All records relating to any settings applied by the user of the SUBJECT ACCOUNT to cause a message to expire, to require a recipient to insert a password value to read a message, to control a recipient's ability to forward a message, or to retract access to a message already sent.

### III. <u>INFORMATION TO BE SEIZED BY THE GOVERNMENT</u>

11. For each SUBJECT ACCOUNT listed in Attachment A-2, the search team may seize:

    a. All information described above in Section II.10.a. that constitutes evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. § 1546 (Visa Fraud); 18 U.S.C. § 371 (Conspiracy); 18 U.S.C. § 1001 (False Statements); and 18 U.S.C. § 1519 (Destruction of Evidence) (the "Subject Offenses"), namely:

        i. Information relating to who created, accessed, or used the SUBJECT ACCOUNT, including records about their identities and whereabouts.

        ii. Communications, records, documents, programs, applications, and materials referencing U.S. visa applications;

        iii. Communications, records, documents, programs, applications, and materials exchanged between GUAN and any members of the PLA, the Chinese Communist Party, the Chinese consulate, or the Chinese government;

        iv. Communications, records, documents, programs, applications, and materials relating to the intentional making of false statements to U.S. officials or the concealment or destruction of evidence in the United States;

        v. Communications, records, documents, programs, applications, and materials regarding NUDT and any other entities in China;

    vi. Communications, records, documents, programs, applications, and materials relating to the acquisition, transfer, provision, or communication of U.S.-origin munitions, weapons, defense articles, goods, technology, software, or technical data, or of services related to such munitions, weapons, defense articles, goods, technology, or technical data, to a foreign country or to a foreign national or foreign-based entity wherever located;

    vii. Communications, documents, records, and programs relating to any product, technology, program, software, technical data, design or manufacturing equipment or technology, or intellectual property belonging to or otherwise relating to any U.S. educational institution or U.S. business;

    viii. Information related to nuclear explosive activities, artificial intelligence with potential military applications, or other military activities, including computer code, technical data, or software;

    ix. Information relating to the transfer of currency to or from GUAN, or persons associated with or related to GUAN, or to or from any business or entity owned or associated with GUAN, or persons associated with or related to GUAN, or to or from the United States and any foreign country;

    x. Information relating to foreign and domestic travel by GUAN, including means of travel, lodging, visas, passports, reservations, and payment for or relating to any of the same;

ix

    xi.  Communications, records, documents, programs, applications, and materials relating to any information belonging to or originating from UCLA;

    xii. Communications, records, documents, programs, applications, and materials relating to the export of software, technical data, materials or services to China;

    xiii. Communications, records, documents, programs, applications, and materials relating to the PLA or GUAN's military service in the PLA;

    xiv. Communications, records, documents, programs, applications, and materials relating to efforts by GUAN or the PLA to market, sell, or export U.S. software or proprietary data from UCLA;

    xv. Communications, records, documents, programs, applications, and materials relating to the Chinese Scholarship Council;

    xvi. Communications, records, documents, programs, applications, and materials relating to consulates operated by the People's Republic of China;

  b. All records and information described above in Section II.10.b.

## IV. PROVIDER PROCEDURES

12.  IT IS ORDERED that the PROVIDER shall deliver the information set forth in Section II within 10 days of the service of this warrant.  The PROVIDER shall send such information to:

Special Agent Timothy Hurt
Federal Bureau of Investigation
11000 Wilshire Boulevard, Suite 1700,
Los Angeles, CA 90024
Email: tdhurt@fbi.gov
Phone: 310-996-5187

13. IT IS FURTHER ORDERED that the PROVIDER shall provide the name and contact information for all employees who conduct the search and produce the records responsive to this warrant.

14. IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that the PROVIDER shall not notify any person, including the subscriber(s) of each account identified in Attachment A-2, of the existence of the warrant, until further order of the Court, until written notice is provided by the United States Attorney's Office that nondisclosure is no longer required, or until one year from the date this warrant is signed by the magistrate judge or such later date as may be set by the Court upon application for an extension by the United States. Upon expiration of this order, at least ten business days prior to disclosing the existence of the warrant, the PROVIDER shall notify the agent identified in paragraph 12 above of its intent to so notify.